Case 07-50202-rlj13 Doc 48 Filed 10/30/07 Entered 10/30/07 07:49:03 Page 1 of 5

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed October 29, 2007                                                                                        **United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHRISTOPHER MICHAEL GONZALES | § | CASE NO. 07-50202-RLJ-13 |
| AND LUCY ANN GONZALES, | § | |
| | § | |
| DEBTORS | § | |

## MEMORANDUM OPINION

### Introduction

      The issue before the Court is whether the chapter 13 plan of the debtors, Christopher and Lucy Gonzales, may be confirmed given the treatment in the plan of the claim of Ford Motor Credit Company ("FMCC").[1] The plan bifurcates FMCC's $50,204 claim into a secured claim for $39,000, the value of the Ford F-350 pickup that secures such claim, and an unsecured claim for $11,204. Under the plan, the debtors are required to make plan payments to the Chapter 13

___

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L). This Memorandum Opinion contains the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

Trustee in the amount of $4,400 per month for sixty months, from which FMCC's secured claim of $39,000 is paid during the first 37 months, with interest accruing at 10.25%. It is estimated that the payout to unsecured creditors will be 20% (twenty cents on the dollar).

## Discussion

FMCC does not object to the 37-month payout or the 10.25% interest rate. FMCC's objection concerns the bifurcation of its claim, as it contends that such treatment violates the "hanging" paragraph of section 1325 of the Bankruptcy Code. Section 1325(a), just below paragraph 9, states as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) *acquired for the personal use of the debtor*, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a) (emphasis added). Subsection (a)(5) of section 1325 requires that with respect to each secured claim, the value of periodic payments made under the plan must not be less than the allowed amount of the secured claim. 11 U.S.C. § 1325(a)(5)(B)(ii). Therefore, the stream of plan payments must satisfy the present value of the secured claim.

FMCC's lien on the F-350 is a purchase money lien. It was purchased within the 910-day period, as was the debtors' other vehicle, a 2001 GMC Yukon Denali. The plan provides that CitiFinancial Auto, Ltd., which holds a claim secured by the Denali, will be paid in full, i.e., without bifurcation, over 50 months.

The specific issue upon which confirmation depends is whether the F-350 was acquired for the personal use of the debtors. In this regard, Christopher Gonzales is self-employed. He

has a drywall business and carries on the business under the name "New Meaning Drywall." He subcontracts with general contractors on new construction. He uses the F-350 to haul sheetrock, materials, and equipment to the job sites where he installs sheetrock.

Gonzales testified that he uses the F-350 primarily for his work; in fact, he said that 95% of the truck's usage is for his business. While his wife has driven the F-350, Christopher Gonzales is the primary driver. Lucy uses and drives the Denali. He and Lucy have three children. Christopher admitted that he occasionally uses the F-350 to take their children to school and for doctors' appointments. He testified that the F-350 has never been used for a trip to the grocery store, however. He claims that he and his wife use only the Denali on the weekends.

The Gonzaleses own three other vehicles -- a 1986 Ford Ranger and a 1986 Ford F-350, both of which are not running, and a 1997 Ford F-350, which has, according to Gonzales, over 300,000 miles on it. The F-350 that secures FMCC's claim is a four-door with leather seats. It was purchased and financed with FMCC on May 12, 2006. The installment contract, titled Texas Simple Interest Vehicle Retail Installment Sales Contract, contains a box for the buyer to check designating the use for which the vehicle is purchased -- personal, family or household; business or commercial; agricultural. The box is left blank, however.

In deciding the issue before the Court, the Court adopts the holding and analysis of *In re Solis*, 356 B.R. 398 (Bankr. S.D. Tex. 2006), an opinion by the Honorable Wesley W. Steen, United States Bankruptcy Judge. Judge Steen, in *Solis*, held as follows:

> [T]he "hanging paragraph" of § 1325 applies to a vehicle claim if: (1) the claim is secured by a purchase money security interest, (2) the debt was incurred within 910 days prior to the filing of the bankruptcy case, (3) the collateral is a motor vehicle,

and (4) at the time of the acquisition the acquirer intended that a significant, material portion of the use of the vehicle would be (a) for the benefit of the debtor(s) in the bankruptcy case, (b) for non-business purposes, and (c) for satisfaction of debtor(s)' wants, needs, or obligations. In reaching conclusions as to what is significant and material, the Court must take into consideration all of the facts and circumstances of the case.

*In re Solis*, 356 B.R. at 411. The dispute here concerns the fourth prong. In this regard, at the time the F-350 was purchased, the debtors intended that it would be used by Christopher Gonzales exclusively -- as opposed to any other person. The required personal use must be significant and material, regardless if there is also some business usage. *Id*. at 409. Judge Steen reasons that any usage by the debtor that is "non-business" qualifies as personal use. *Id*. Usage of a vehicle is personal if it satisfies personal wants (such as recreation) or personal needs (such as shopping or seeking medical attention, or other errands), or "satisfies family and other personal obligations, whether legal or moral obligations." *Id*. Judge Steen elaborated on the meaning of personal use, stating that

> "personal use" includes transportation to and from work in almost all circumstances since there is almost always an alternative such as walking, bicycling, public transportation, carpooling, obtaining housing closer to the workplace, *etc*. In circumstances in which there is an alternative, the decision to use an automobile is a personal use: to make the trip faster, more pleasant, and more convenient. But if there is truly no alternative, the Court would not conclude that the use of a vehicle to go to and from work was "personal use" of the vehicle. This Court will consider all of the facts and circumstances to determine whether the vehicle was acquired with the intent of providing personal benefits for the debtor(s).

*Id*. at 410.

The evidence is undisputed that the vast majority of Christopher Gonzales's use of the F-350 is for his work as a contractor installing sheetrock. He requires a pickup to haul the sheetrock and other materials to the job sites. The Court cannot fathom Gonzales having any alternative to

using a pickup for his travels to and from his job sites. From Gonzales's testimony regarding the mileage on the 1997 F-350 (over 300,000 miles), the Court infers that Gonzales does extensive traveling for his jobs. While he admitted that he occasionally drives his three children to school and uses the truck for personal doctors' appointments, it is clear that the F-350 is used almost exclusively for his work. As a self-employed debtor, and particularly given the nature of his work, Christopher Gonzales's usage of the truck for his work qualifies as business usage, the Court concludes. The Court further concludes that the vast majority of Gonzales's usage of the truck is for business.

### Conclusion

Considering the totality of the circumstances, the Court concludes that Gonzales's personal use of the F-350 is not significant and material. The hanging paragraph of section 1325(a) does not apply. Though the parties have no other dispute concerning FMCC's treatment, the Court wants to consider anew whether the debtors otherwise satisfy the standards of confirmation under Section 1325 of the Bankruptcy Code. The Court is particularly concerned regarding the debtors' retention of two very expensive vehicles and the feasibility of their plan. The Court will enter an order directing the Chapter 13 Trustee to set this case on the next available confirmation docket. Additional notice of the setting is not necessary.

### End of Memorandum Opinion ###